IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**KENYARDA GRAHAM**                                                  **PLAINTIFF**

**VS.**                        **CASE NO: 4:18-cv-004-DMB-JMV**

**CITY OF CLEVELAND, MISSISSIPPI, ET AL.**            **DEFENDANTS**

### ANSWER OF DEFENDANTS TIMOTHY SHAW AND LATOYA BARNES

COMES NOW Defendants, Timothy Shaw and Latoya Barnes ("Defendants"), and for their Answer to the Complaint would state and allege as follows:

### FIRST DEFENSE

The Complaint fails to state a cause of action against the Defendants upon which relief may be granted and therefore should be dismissed at cost to the Plaintiff.

### SECOND DEFENSE

The Defendants are entitled to qualified immunity.

### THIRD DEFENSE

The Defendants asserts that the injuries or damages alleged in Plaintiff's Complaint were caused or contributed to by the acts or omissions of others, for whose acts the Defendants have no liability.

### FOURTH DEFENSE

The Defendants assert that the injuries or damages alleged in Plaintiff's Complaint were caused or contributed to by independent, intervening or superseding acts or omissions of others for whose acts the Defendants have no liability.

**FIFTH DEFENSE**

The Defendants assert that the damages alleged in Plaintiff's Complaint were caused, solely or in part, by the acts or omissions of others, for whom Defendants have no liability, thus reducing any recovery against said Defendant pursuant to Miss. Code Ann. § 85-5-7 (1972), as amended.

**SIXTH DEFENSE**

And now, answering the allegations of the Complaint, paragraph by paragraph, Defendants responds and allege as follows:

1.

The Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.

The allegations in paragraph 2 of the Complaint are admitted.

3.

The allegations contained in paragraph 3 of the Complaint are admitted.

4.

The allegations contained in paragraph 4 of the Complaint are admitted.

5.

The allegations contained in paragraph 5 of the Complaint are admitted.

6.

The Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.

With regard to the allegations in paragraph 7 of the Complaint, the Defendants admit that Defendant Ollie Hall is a corrections officer employed by Bolivar County. The remaining allegations in paragraph 7 of the Complaint are denied.

8.

The allegations in paragraph 8 of the Complaint are denied.

9.

The allegations in paragraph 9 of the Complaint are denied.

10.

The allegations in paragraph 10 of the Complaint are denied.

11.

With regard to the allegations contained in paragraph 11, the Defendant denies that a valid cause of action exists in this case. The Defendants admits that based on the allegations in the Complaint, that venue is appropriate in the United States District Court for the Northern District of Mississippi.

12.

The Defendants lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.

The Defendants lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.

The Defendants lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.

In regard to the allegations contained in paragraph 15 of the Complaint, the Defendants admit that the Plaintiff was booked into the BCRCF at 4:10 a.m. and that the Booking Report lists "Lomax" as the arresting officer. The remaining allegations in paragraph 15 are denied.

16.

With regard to the allegations contained in paragraph 16 of the Complaint, it is admitted that individuals arrested by the Cleveland Police Department are often housed as pre-trial detainees at the BCRCF. The remaining allegations in paragraph 16 of the Complaint are denied.

17.

The allegations in paragraph 17 of the Complaint are denied.

18.

With regard to the allegations in paragraph 18 of the Complaint, the Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations relating to the referenced commitment hearing. The remaining allegations in paragraph 18 are denied.

19.

The allegations in paragraph 19 of the Complaint are denied.

20.

The allegations in paragraph 20 of the Complaint are admitted.

21.

The Defendants lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22.

The allegations in paragraph 22 of the Complaint are denied.

23.

The allegations in paragraphs 23-25 of the Complaint are not addressed to these Defendants. To the extent these paragraphs allege any wrongdoing on the part of the Defendant, these allegations are denied.

24.

The allegations in paragraph 26 of the Complaint are not addressed to these Defendants. To the extent this paragraph alleges any wrongdoing on the part of the Defendants, these allegations are denied.

25.

The allegations in paragraph 27-31 are denied.

26.

The allegations in the PRAYER FOR RELIEF are denied, and the Defendants would further state that the Plaintiff is entitled to recover nothing from the Defendants.

**WHEREFORE, PREMISES CONSIDERED**, Defendants deny each and every allegation of liability and respectfully requests that this court dismiss this action at cost to the Plaintiff and award Defendants their reasonable costs and attorney's fees incurred in the defense of this matter. The Defendants would also request any other relief which the court may find warranted in the premises.

Respectfully submitted, this the 12$^h$ day of September, 2018.

        CLAYTON O'DONNELL, PLLC
        1300 Access Road, Suite 200
        P.O. Drawer 676
        Oxford, MS  38655
        Telephone:  (662) 234-0900
        Facsimile:  (662) 234-3557

        *s/ S. Ray Hill, III*
        **S. RAY HILL, III, MSB# 100088**
        rhill@claytonodonnell.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notice to all counsel of record.

        *s/ S. Ray Hill, III*
        **S. RAY HILL, III, MSB# 100088**