# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**KENYARDA GRAHAM by and through his**
**General Guardian Jacqualine Whitfield**                                                  **PLAINTIFF**

**V.**                                    **CIVIL ACTION NO.: 4:18CV004-DMB-JMV**

**BOLIVAR COUNTY, MISSISSIPPI;**
**SHERIFF KELVIN WILLIAMS, individually and in his official**
**capacity; and individually and in their official capacities, the**
**following officers: LATOYA BARNES, TIMOTHY SHAW;**
**OLLIE HALL, MALCOLM WESLEY, LADASTER GREEN,**
**MOSE COUNTRYMAN, individually and in their official capacities,**
**GALE HAYWOOD, individually and in their official capacities**
**AND JOHNDOES 1-9, individually and in their official capacities.**     **DEFENDANTS**

## FIRST AMENDED COMPLAINT

### *Jury trial demanded*

This Complaint is brought by Jacqualine Whitfield ("Whitfield"), Kenyarda Graham ("Graham" or "Plaintiff"), where Whitfield is acting as General Guardian, against the above named Defendants and in support thereof would show unto the Court the following:

*Parties*

1. Kenyarda Graham is an adult resident of the State of Tennessee. Plaintiff suffers from schizophrenia and is unable to care for himself. As a result, Whitfiled was appointed as Guardian. The Guardian brings this action on behalf of Kenyarda Graham. A true and correct copy of the order appointing Jacqualine Whitfield in such capacity is attached as Exhibit "A".

2. Bolivar County, Mississippi, is a political subdivision of the state of Mississippi. It may be served with process through its Chancery Clerk, Brenett N. Haynes at 200 Court Street,

Cleveland, Mississippi 38732.

3. Sheriff Kelvin Williams is an adult resident of Bolivar County who is the Sheriff of Bolivar County, Mississippi. He is sued individually and in his official capacity and may be served with process at 2792 Hwy 8 West Cleveland, Mississippi 38732.

4. Latoya Barnes, Timothy Shaw, Ollie Hall, Malcolm Wesley, Ladester Green, and Mose Countryman are adult residents of Bolivar County, Mississippi, who are corrections officers or otherwise employees of the Bolivar County Sheriff's Department and Bolivar County. They are sued individually and in their official capacities. They may be served at the Bolivar County Regional Corrections Facility, 2792 Ms Hwy 8, Cleveland, Mississippi.

5. Gale Haywood ("Haywood"), is licensed to practice nursing in Mississippi. Gale was hired by Bolivar County Regional Correctional Facility to provide medical treatment to inmates under the supervision of Bolivar County and Sheriff Williams. Haywood was working in her capacity as a nurse at BCRCF on the dates and times set forth in this lawsuit. Haywood was at all times acting under color of state law with the permission and consent of Bolivar County and Sheriff Williams and within the course and scope of her employment. Haywood may be served process at her residence which is 15 Matthew Rd. Mound Bayou, MS 38762.

6. Defendants John Does 1-9 are unknown individuals and/or entities liable to Plaintiff for the acts and omissions as alleged herein, including, but not limited to, employees of the City of Cleveland Police Department or its contractees, employees, agents, representatives, and/or designees, an unknown individual employees of Bolivar County, Mississippi, Bolivar County Sheriff's Department, Bolivar County Regional Corrections Facility or its contractees. The names and capacities of Defendants John Does 1-10 inclusive, whether individual,

2

corporate or otherwise, are presently unknown to Plaintiff, who, therefore, sues said Defendants by fictitious names and will further seek leave of this Honorable Court to amend this Complaint to show their true names and capacities when the same are ascertained. Plaintiff alleges upon information and belief each of the Defendants designated herein as a Doe is responsible in some manner and liable herein to Plaintiff by reason of willful, wanton, and reckless misconduct, deliberate indifference and/or in some other manner whether alleged herein in this Complaint or not, and by such wrongful conduct, said Defendants, each of them, proximately caused the injury and damage occasioned herein.

7. At all times material to this Complaint, all Defendants, including John Does, were acting under the color of law and in the course and scope of their employment.

## JURISDICTION AND VENUE

8. This action arises under the Eighth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 42 U.S.C. 1983. Jurisdiction of this court arises under 28 U.S.C. §§ 1331 and 1343(a).

9. Venue is proper in that the cause of action arose in the Northern District of Mississippi, Greenville Division.

## FACTS

10. Plaintiff has suffered for a number of years with a mental illness for which he has been hospitalized on occasion and for which he takes medication. Plaintiff is originally from Cleveland, Mississippi, and is known to law enforcement officers in the City of Cleveland and Bolivar County. While he now resides in Tennessee, in the summer of 2016 he was visiting his niece in Cleveland.

3

11. Unfortunately, Plaintiff failed to take his medication and in July 2016, he began exhibiting bizarre behavior. In the early hours of July 4, 2016, the City of Cleveland Police were called because allegedly Plaintiff was in the street, in his underwear being loud and disorderly among other things. Upon information and belief, he was booked in at the Cleveland Police Department at 4:00 a.m and was given a court date of July 27, 2017 for his charges. Upon information and belief, these Defendants knew of Plaintiff's mental health history and in the early morning hours of July 4, 2016, they knew that Plaintiff was suffering from a mental illness or disorder.

12. The Cleveland Police Department has a specific policy for situations involving mentally ill persons, which includes seeking the assistance of a licensed physician or health care psychologist to determine the mental status of an individual and then obtaining a warrant of commitment. The policy directs, *inter alia,* that officers to take mentally ill individuals to the nearest mental hospital.

13. Despite the fact that Plaintiff was obviously mentally ill, the City of Cleveland Police officers, including but not limited to Officer Sandra Lomax, carried Plaintiff to the Bolivar County Regional Correctional Facility (BCRCF) which by contractual written agreement with the City, houses municipal pre-trial detainees. Plaintiff was booked into BCRCF at approximately 4:10 a.m. and placed in the drunk tank, a cell with no commode, but merely a hole in the floor for waste and a bed.

14. By contractual agreement between Bolivar County and the City of Cleveland for the housing of municipal prisoners, once a municipal prisoner has been entrusted to the county sheriff pursuant to §47-1-39, he is in the custody of the sheriff (although he remains a municipal

4

prisoner), and with his custody attaches all of the responsibilities owed by the sheriff to any person incarcerated in the jail. Thus, it was the responsibility of the sheriff, Defendant Kelvin Williams and jail staff to provide all services needed by Plaintiff at the expense of the city.

15. While the Bolivar County Jail Policy and Procedure manual required an initial screening of inmates and the provision of mental health services, upon information and belief, Plaintiff received no medical or mental health screening or treatment between July 4, 2016 and July 24, 2016. Upon information and belief on July 5th, 6th, 7th, 8th, 10th, and 11th Defendant Nurse Gale Haywood visited Plaintiff cell, however she did not provide medical attention; even though he was in obvious distress. She reported that she was unable to complete a medical assessment of Plaintiff. Further he was interviewed by mental health professional on July 12, 2016 who evaluated him for commitment. He was the subject of a commitment proceeding held on July13, 2016, but no substantive treatment was provided to him. He was committed to the State Mental Hospital at Whitfield.

16. Despite the commitment order that Plaintiff be transferred to the Mississippi State Hospital at Whitfield, Plaintiff was transported back to BCRCF and returned to the detox cell where he remained. Upon information and belief on July 12th, 13th, 14th Defendant Nurse Gale Haywood visited the cell Plaintiff was being held and provided no medical treatment. From July 15th to July 18th he was not seen at all by medical personnel. On July 19th Defendant Haywood visited Graham's cell and again did not provide any medical treatment. Plaintiff was not seen by medical personnel again until jailers found him unconscious on July 24, 2016.

17. At the time Plaintiff was first incarcerated on July 4, 2016, he was clearly mentally ill. From that day until July 24, 2016, his mental and physical state deteriorated. Upon

5

information and belief, he tore the mattress he was provided; he tore off his clothes; he crawled around on his hands and knees since his admission; and spread feces on the walls and floor. Despite this behavior, no mental health treatment was provided to Plaintiff nor any medical treatment by any of the Defendants. Upon information and belief, all named Defendants were aware of his conduct and condition, refused to provide treatment and took no action.

18. On July 24, 2016, Corrections Officer Wesley found Plaintiff lying on the cell floor, face down over the waste hole. He notified Lt. Ollie Hall who advised Capt. Ladester Green. Hall and Corrections Officer Mose Countryman entered the intake area to respond to the situation. Captain Green shortly thereafter called dispatch and told them to call for an ambulance. The ambulance arrived; Plaintiff was searched and restrained and taken to Bolivar County Medical Center.

19. At the hospital Plaintiff presented with bilateral knee wounds that had become so infected that he now had sepsis and rhabdomyolysis. After several days at Bolivar County hospital, it was felt the Plaintiff's acute sepsis needed long term IV antibiotics as well as wound care, so he was transferred to Allegiance Hospital, a long-term acute care hospital. However, upon admission there, he was immediately transferred to Delta Regional Medical Center where he was diagnosed with MRSA (Methicillin-resistant Staphylococcus aureus), infections in both knees, and cellulitis with gas forming organisms. He underwent debridements and continued on his antibiotics until he was transferred to the University of Mississippi Medical Center. There he tested positive for MRSA and Morganella Morganii. He underwent further plastic surgery for drainage and debridement of his knees. He needed extensive physical therapy to walk again and is permanently scarred on his legs.

20. The medical injuries and physical and mental pain and suffering that Plaintiff suffered were proximately caused by the actions and/or inactions of the Defendants in violation of his constitutional rights.

## CAUSES OF ACTION

### COUNT I

*Against Bolivar County and Sheriff Kelvin Williams*

21. Despite the adoption of policies for the management of mentally disturbed individuals housed in the Bolivar County Regional Correctional Facility, upon information and belief, it is the widespread practice of the personnel of Bolivar County Sheriff's Department to disregard those policies and subject mentally disturbed detainees in the detox facility or similar conditions. This practice constitutes a custom that fairly represents Bolivar County's *de facto* policy. This *de facto* policy subjected Plaintiff to cruel and unusual punishment in violation of his Eighth Amendment right to be free of cruel and unusual punishment and provided adequate medical care and in violation of his Fourteenth Amendment Due Process rights. Plaintiff's conditions of confinement were unconstitutional as was his deprivation of adequate mental health and medical treatment.

22. By its custom and practice, the Defendant Bolivar County and Sheriff Kelvin Williams acting under color of law with deliberate indifference subjected Plaintiff to a substantial risk of harm and injury from inadequate medical care. Upon information and belief, Sheriff Williams knew or should have known of the substantial risk of harm that the practice of placing mentally disturbed individuals, such as Plaintiff, in the drunk tank for an extended period of time without adequate medical and other care created. He disregarded that risk by failing to

7

take reasonable measure to abate it. He has condoned or been deliberately indifferent to the consequences and to the treatment and lack of medical care Plaintiff received. This denial of adequate medical treatment violated Plaintiff's Eighth and Fourteen Amendment rights

23. The acts and omissions of the Defendants were deliberately indifferent to the Plaintiff's constitutional rights as set forth herein. The Defendants failed to provide involuntarily committed mental patients such as Plaintiff, with such services as are necessary to ensure their "reasonable safety" from themselves and others. The Defendants were obligated to provide such individuals as Plaintiff with adequate food, shelter, clothing, and **medical care**. *Youngberg* **v.** *Romeo*, 457 U.S. 307 (1982). Further, the Defendants violated the Plaintiff Due Process Rights by confining involuntarily committed individuals (Kenyarda Graham), who may not be punished, in unsafe conditions. *Id.*, at 315-316. Fourteenth Amendment Due Process requires the Defendants to provide medical care to suspects, such as Plaintiff in police custody who have been injured while being apprehended by the police. ***Revere* v. *Massachusetts General Hospital*,** 463 U.S. 239, 244 (1983) ***Deshaney v. Winnebago County Dep't of Social Services*,** 489 U.S. 189, 199, 109 S. Ct. 998, 1005, 103 L. Ed. 2d 249, 261, 1989 U.S. LEXIS 1039, *18-19, 57 U.S.L.W. 4218.

24. Bolivar County and Sheriff Kelvin Williams have failed to adequately train County employees, including corrections officers at the Bolivar County Regional Corrections Facility, including the officers Corrections Officers Latoya Barnes, Timothy Hall (booking officers) Ollie Hall, Malcolm Wesley, Capt. Ladester Green, Mose Countryman, and John Does (other corrections personnel), in the handling of mentally disturbed individuals and the procedures for screening, housing, monitoring, and providing medical and mental health

treatment for them. Upon information and belief, the training procedures were inadequate, the County and the Sheriff were deliberately indifferent to the training needed, and the inadequate training caused the individual Defendant officers to violate Plaintiff's constitutional right to adequate conditions and treatment. This inadequate training proximately caused or contributed to Plaintiff's injuries.

## COUNT II

*Against Corrections Officers Latoya Barnes, Timothy Hall (booking officers) Ollie Hall, Malcolm Wesley, Capt. Ladester Green, Mose Countryman and John Does (other corrections personnel)*

25. Corrections Officers *Latoya Barnes,* Timothy Hall (booking officers) Ollie Hall, Malcolm Wesley, Capt. Ladester Green, Mose Countryman and John Does (other corrections personnel) violated written County policies concerning the screening, housing and monitoring of mentally disturbed individuals and their actions subjected Plaintiff to a substantial risk of serious harm from the conditions of Plaintiff's incarceration and deprivation of medical care. These Defendants knew or should have known that their actions violated Plaintiff's established constitutional rights. They acted, individually and in their official capacities, under the color of state law, in violating Plaintiff's constitutional rights to be free from cruel and unusual punishment under the Fourth and Eighth Amendments. Moreover, they knew the substantial risk of harm Plaintiff faced when housed in the detox cell without adequate medical and mental health treatment and disregarded that risk by failing to take reasonable measures to abate it. The Defendants' actions proximately caused or contributed to Plaintiff's injuries.

26. All Defendants were aware of the deprivations complained of herein, and have condoned or been deliberately indifferent to such conduct. All individually named Defendant

knew or should have know that they were violating Plaintiff's clearly established constitutional rights.

### COUNT III

*Against Registered Nurse Gale Haywood and John Does*
*(other medical personnel)*
**Eighth and Fourteenth Amendment and 42 U.S.C. §1983**
**Denial of Medical Care**

Plaintiff incorporates all allegations set forth in Paragraphs 1 through 26 hereinabove.

27. Nurse Gale Haywood and other Doe Defendants failed to properly oversee and manage the Plaintiff's serious health condition and thereby directly caused Plaintiff's condition. In doing so, Gale Haywood other Doe Defendants violated clearly established constitutional rights, including but not limited to:

   a) Cruel and unusual punishment under the Eighth and Fourteenth Amendments;

   b) Plaintiff's right not to be deprived of liberty without due process of law;

   c) Plaintiff's right to be safe and protected from injury while in custody; and

   d) Plaintiff's right to necessary medical treatment for his very serious medical condition.

   e) Plaintiff's right to services to ensure reasonable safety from themselves and others.

   f) Plaintiff's right to not be confined in unsafe conditions.

28. Through these acts and omissions Defendants were deliberately indifferent to the Plaintiff's constitutional rights as set forth herein. The Defendants failed to provide involuntarily committed mental patients such as Plaintiff, with such services as are necessary to ensure their "reasonable safety" from themselves and others. The Defendants were obligated to provide such

individuals as Plaintiff with adequate food, shelter, clothing, and **medical care**. *Youngberg v. Romeo*, 457 U.S. 307 (1982). Further, the Defendants violated the Plaintiff Due Process Rights by confining involuntarily committed individuals (Kenyarda Graham), who may not be punished, in unsafe conditions. *Id.*, at 315-316. Fourteenth Amendment Due Process requires the Defendants to provide medical care to suspects, such as Plaintiff in police custody who have been injured while being apprehended by the police. *Revere v. Massachusetts General Hospital*, 463 U.S. 239, 244 (1983) *Deshaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189, 199, 109 S. Ct. 998, 1005, 103 L. Ed. 2d 249, 261, 1989 U.S. LEXIS 1039, *18-19, 57 U.S.L.W. 4218.

29. By their failure to provide the Plaintiff with the known and medically necessary medications and care required to sustain his life, Defendants' actions deprived him of the rights secured for him by the United States Constitution under the Eighth and Fourteenth Amendments and federal law.

30. As a direct and foreseeable result of Defendants' actions, Plaintiff has suffered serious permanent damages from which he will never recover.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED Plaintiffs demand:

a. That process issue to the Defendants and that they be required to answer in the time allowed by law.

b. That compensatory damages of, from and against the Defendants, each and severally, be awarded to the Plaintiff.

c. That the Plaintiff be awarded punitive damages against the Defendants, in their

individual capacities, in an amount to be determined by the jury.

    c.    That Plaintiff be awarded reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988 (b) and (c).

    d.    That the Plaintiff receive any other further and general relief to which it may Appear he is entitled.

    RESPECTFULLY SUBMITTED, this, the 2nd day of July 2019.

    KENYARDA GRAHAM BY AND THROUGH HIS GUARDIAN, JACQUALINE WHITFIELD

    BY:   /s/ *Charles R. Mullins*
    CHARLES R. MULLINS

OF COUNSEL:

CHARLES R. MULLINS (MB# 9821)
COXWELL & ASSOCIATES, PLLC
Post Office Box 1337
Jackson, Mississippi 39215-1337
Telephone: (601) 948-1600
Facsimile: (601) 948-1600
cmullins@coxwelllaw.com

GILMER & GREEN LEGAL GROUP, PLLC
Rafael R. Green, Esq.
748 N. President Street
Jackson, Mississippi 39202
P.O. BOX 1668
Jackson, Mississippi 39215
Phone: (769) 208-8122
Fax: (769) 235-6265
rafael@gglegalgroup.com

**CERTIFICATE OF SERVICE**

I, Charles R. Mullins, attorney of record for the Plaintiff in the above-styled and referenced matter, do hereby certify that I have this date filed the above and foregoing via ECF which sends notification to all known counsel of record.

THIS, the 2nd day of July 2019.

*/s/ Charles R. Mullins*_____
CHARLES R. MULLINS